IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| COLLEEN VALENTI, ) | |
| ) | |
| Plaintiff, ) | Case No: 4:17-cv-00218-CEJ |
| ) | |
| vs. ) | |
| ) | |
| CITY OF ST. PETERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR MENTAL EXAMINATION
### OF PLAINTIFF COLLEEN VALENTI

Defendant, City of St. Peters, Missouri ("City"), requests this Court enter its Order for mental examination of Plaintiff pursuant to Fed.R.Civ.P. 35. In support of its Motion, the City states:

1. Rule 35(a)(1) provides in pertinent part that, for good cause shown, the Court "may order a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner."

2. Ruling on a motion for mental examination rests within the sound discretion of the district court. *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974).

I.   **Existence of Good Cause**

3. In determining whether good cause exists to order an examination under Rule 35, a plaintiff, by asserting a mental injury, "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

4.     Good cause exists in this case to order the requested mental examination because the mental condition of Plaintiff and its alleged causal relationship to the actions of Defendants is in controversy as evidenced by the pleadings and discovery in this matter.

5.     Specifically, Plaintiff alleges under her Fourth Amendment claims premised upon an illegal search and seizure of her cell phone (Counts I and II) that she sustained "emotional damages and loss of reputation" as a direct and proximate result of Defendants' actions. Complaint, ¶¶ 19 and 27.  Plaintiff also alleges under her claims premised upon alleged violations of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (Counts III and IV) and common law claims for "intrusion upon seclusion" (Counts V and VI) that she sustained "emotional damages and loss of reputation" as a direct and proximate result of Defendants' actions.  Complaint, ¶¶ 36, 40, 46 and 53, respectively.  Finally, Plaintiff asserts claims for "intentional infliction of emotional distress" (Counts VII and VIII) and alleges that "Plaintiff did in fact suffer severe emotional distress, in both her personal and family life" as a direct and proximate result of Defendants' actions.  Complaint, ¶¶ 57-58 and 61-62.

6.     Further, on June 7, 2017, Plaintiff served the City with answers to the City's Interrogatories explaining that she sought "medical care and was prescribed anti-anxiety medication" as a result of the alleged actions of Defendants.  *See* Plaintiff's Answers to First Interrogatories No. 9, attached hereto as **Exhibit A**.

7.     Thus, the pleadings and Plaintiff's answers to written discovery confirm that Plaintiff's mental condition is in controversy and that good cause exists to support the City's request for an examination under Rule 35.  *See e.g.*, *Gierer v. Rehab Med., Inc.*, 2016 WL 3346568, * 2 (E.D. Mo. June 16, 2016) (finding good cause where plaintiff sought "damages from Defendant due to mental and emotional distress, and alleges that Defendant's conduct is the proximate

cause of such distress."); *K.M. v. First Bank*, 2009 WL 500852, *1 (E.D. Mo. Feb. 27, 2009) (finding good cause where plaintiff alleged that "as a result of defendant's alleged conduct, he continues to suffer from shame, humiliation, embarrassment, anxiety, and depression.").

II.     Time, Place, Manner, Scope and Identity of Person(s) Conducting Examination

8. Dr. Judith Tindall, Ph.D. (Psychology) will perform the initial examination consisting of written testing and interviews of Plaintiff at a time convenient to Plaintiff.

9. Specifically, Dr. Tindall will initially meet with Plaintiff to obtain a background and provide Plaintiff a form for her to fill out on her own time. Once the form is completed and returned, Dr. Tindall will meet again with Plaintiff to conduct additional written testing. Dr. Tindall may also interview acquaintances of Plaintiff.

10. The time to complete all written testing and interview with Plaintiff will take approximately 10-12 hours total.

11. The testing will be performed at Dr. Tindall's office, Psychological Network, Inc., 58 Portwest Court, St. Charles, Missouri 63303.

12. The results of the initial examination will then be forwarded to Dr. Kevin Miller, M.D. (Psychiatry) for review.

13. Dr. Miller may need to interview Plaintiff, which interview will take place at Dr. Miller's office, Mind Care Associates, LLC, 777 Craig Road, Suite 120, St. Louis, MO 63141.

WHEREFORE, Defendant, City of St. Peters, Missouri, requests this Court enter its Order, pursuant to Fed.R.Civ.P. 35, for the mental examination of Plaintiff Colleen Valenti as described herein, and for such other and further relief as the Court shall deem just and proper.

3

Respectfully submitted,

HAMILTON WEBER LLC

By: /s/ David T. Hamilton
    David T. Hamilton, #28166MO
    John H. Kilper, #60997MO
    Jared D. Howell, #67332MO
    200 N. Third Street
    St. Charles, MO  63301
    (636) 947-4700 – Telephone
    (636) 947-1743 – Facsimile
    dhamilton@hamiltonweber.com
    jkilper@hamiltonweber.com
    jhowell@hamiltonweber.com

***Attorneys for Defendant City of St. Peters, Missouri***

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 12th day of July, 2017 by:

\_\_\_\_  United States mail, postage prepaid

\_\_\_\_  facsimile transmission at _____ a.m./p.m.

\_\_\_\_  hand delivery

  X    means of the Notice of Electronic Filing pursuant to Fed.R.Civ.P. 5(b)(2)(E), to:

Ted Frapolli
275 North Lindbergh, Suite F
St. Louis, MO 63141
(314) 993-4261 – telephone
(314) 993-3367 – facsimile
ted@tffrapollilaw.com

*Attorney for Plaintiff*
*Colleen Valenti*

                   /s/ David T. Hamilton