IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLLEEN VALENTI,               )<br>                                              )<br>         Plaintiff,                      )<br>                                              )<br>v.                                           )<br>                                              )<br>CITY OF ST. PETERS POLICE DEPARTMENT )<br>Issue summons to Sheriff of St. Charles County )<br>Serve:  Jeff Finkelstein, Chief of Police      )<br>         St. Peters Justice Center        )<br>         1020 Grand Teton Dr.           )<br>         St. Peters, MO 63376           )<br>                                              )<br>and                                        )<br>                                              )<br>JOHN & JANE DOES ST. PETERS POLICE )<br>DEPARTMENT, EMPLOYEES 1-10      )<br>                                              )<br>         Defendants.                   ) | Case No: 4:17-CV-00218-DDN<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S
## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Colleen Valenti, by and through her attorney, and for her First Amended Complaint against Defendants states and alleges as follows:

### THE PARTIES

1.    Plaintiff Colleen Valenti (hereinafter individually referred to as "Plaintiff") is, and was at all times relevant hereto, a citizen of City of O'Fallon, County of St. Charles and State of Missouri.

2.    Defendant St. Peters Police Department is a police department duly formed and existing under the laws of the State of Missouri and operating within the Eastern District of Missouri.

1

3.      On information and belief, Defendants John and Jane Does of the St. Peters Police Department (identified as 1-10 John and Jane Does) are citizens of the State of Missouri and government employees, and therefore can be, and are sued for actions undertaken in their official governmental capacity.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the Plaintiff's federal claims pursuant to 28 USC §1331 and over her State law claims pursuant to 28 USC §1367(a).

5.      The Eastern District of Missouri is the appropriate venue under 28 USC §1391(b)(2) because a significant portion of the events and admissions giving rise to the claims herein occurred in this district.

## FACTS

6.      In the summer of 2015, Michael Valenti, a City of St. Peters Police Officer harassed ("herein after referred to as "Police Officer") Plaintiff on various occasions. Subsequent and contemporaneously thereto, in or around July of 2015, said Police Officer, while acting in his capacity as such for the City of St. Peters with the aid of John and Jane Does employees, unlawfully accessed a cell-phone owned by, registered to, and whose bill was paid for by Plaintiff (hereinafter, "Plaintiff's Cell Phone") seeking to obtain private communications stored therein.

7.      At no time was Plaintiff under official investigation by the St. Peters Police Department or any public authorities upon any grounds whatsoever, nor detained pursuant to a valid custodial arrest and at no time did the Police Officer of the City of St. Peters Missouri have express or constructive authorization on the part of Plaintiff to access this information stored on Plaintiff's Cell Phone.

2

8.      Upon information and belief, at some point in or around July of 2015, an agent (or agents) associated with the Police of the City of St. Peters, Missouri compiled information from Plaintiff's Cell Phone obtained without authorization, and while in uniform, provided it to various other defendant Jane and John Does and accessed the cell phone directly and took possession of said cell phone.  Any such possession and access to Plaintiff's Cell Phone was done without permission of Plaintiff and taken without any permission from the Plaintiff.  Furthermore, it is believed that the John and Jane Doe employees provided information unlawfully obtained from Plaintiff's Cell Phone and may have provided same unlawfully obtained information to other police agencies.

9.      These Defendants Jane and John Does of the St. Peters Police Department employees then utilized this improperly obtained information to contact various persons in order to embarrass and institute investigations into Plaintiff and Plaintiff's private matters and family matters in an attempt to adversely affect her.  In addition, said Defendants John and Jane Does utilized said illegally obtained information to threaten and harass the Plaintiff.  Plaintiff's acquaintances and friends were interrogated by John and Jane Doe employees within the St. Peters Police Department while in uniform on the basis of unlawfully obtained information obtained from Plaintiff's Cell Phone.   The accessing of the private phone information and subsequent actions by certain John and Jane Does was done with personal and ulterior motives and upon information and belief in conjunction with and conspiring with the Police Officer to adversely affect the Plaintiff's reputation and her relationship with her family.  That certain Jane Doe and John Doe employees had close relationships with Police Officer Michael Valenti.

10.     Plaintiff's multiple attempts to discover how these various Jane Doe and John Doe Defendants and St. Peters Police Department employees obtained access to the private communications stored on Plaintiff's Cell Phone or who accessed the private communications to

3

date and who took possession of the phone, have not fully been divulged to Plaintiff herein.

11. To Plaintiff's best knowledge and belief, John and Jane Does "transcribed" and disseminated certain electronic communications taken from Plaintiff's Cell Phone in violation of Plaintiff's statutory, constitutional and privacy rights.

12. As a result of this transcription, dissemination and publication of the illegally obtained phone records, Plaintiff claims that numerous employees of Defendant St. Peters Police Department allowed to view said illegally obtained private communications of Plaintiff who has felt threatened by their contents and said publication was designed by certain Jane and John Does to ruin and disparage the reputation of Plaintiff herein.

## CLAIMS FOR RELIEF

## FEDERAL LAW

## COUNT I – ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION – DEFENDANTS JANE AND JOHN DOE, ST. PETERS POLICE DEPARTMENT EMPLOYEES 1-10 IN THEIR INDIVIDUAL CAPACITIES

13. Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 12 inclusive, as if fully set forth herein.

14. Defendants Jane and John Does St. Peters Police Department as employees of the Defendant City of St. Peters Police Department at all relevant times had a legal obligation not to violate the constitutional rights of Plaintiff who were employed by the St. Peters Police Department accessed the phone and the contents of Plaintiff's Cell Phone without authorization, express or implied.

15. At the time of its inception, the action of accessing Plaintiff's Cell Phone in question was not justified, because Defendants Jane and John Does of the St. Peters Police

Department had no basis for sufficient probable cause to conduct said search.

16.     At the time of access, the search in question was not reasonably related in scope to the circumstances which ostensibly justified the interference in the first place, because it was excessively intrusive in light of the circumstances.

17.     Plaintiff has a reasonable expectation of privacy in the context of the private text messages on Plaintiff's Cell Phone.

18.     As a result of having no lawful basis to access Plaintiff's Cell Phone, and because Plaintiff had a reasonable expectation of privacy in the communications in question, Defendants Jane and John Doe St. Peters Police Department employees 1-10 violated Plaintiff's federal Fourth Amendment right to be free from illegal searches and seizures.

19.     As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff Colleen Valenti, respectfully prays this Court enter judgment:

- a)     In favor of Plaintiff for compensatory damages against all Defendants Jane and John Doe St. Peters Police Department employees 1-10;
- b)     In favor of Plaintiff for punitive damages against Defendant Jane and John Doe St.  Peters Police Department employees 1-10;
- c)     In favor of Plaintiff for the cost of this lawsuit and attorney's fees and expenses pursuant to 42 USC §1988; and
- d)     For any other relief this Court deems just and proper.

5

## COUNT II – ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION – DEFENDANT ST. PETERS POLICE DEPARTMENT

20.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 19 inclusive, as if fully set forth herein.

21.     Defendants Jane and John Does of the St. Peters Police Department employees 1-10, at all relevant times had a legal obligation not to violate the constitutional rights of Plaintiff while acting in their official capacity.

22.     Defendants Jane and John Does of the St. Peters Police Department employees 1-10 accessed the contents of Plaintiff's Cell Phone without sufficient probable cause to legitimate the search in question, and in an excessively intrusive manner that far exceeded the reasonable scope of inquiry under the circumstances.

23.     Defendants Jane and John Does of the St. Peters Police Department employees 1-10 accessed of the information in question was entirely unauthorized by Plaintiff, and Plaintiff had a reasonable expectation of privacy in these circumstances.

24.     St. Peters Police Department employees searching the possessions of Plaintiff's Cell Phone constitutes action taken under color of official authority for the purpose of entity liability.

25.     Various St. Peters Police Department employees in positions of final policy-making authority either instigated the improper accessing and downloading of Plaintiff's private stored electronic communications for the purposes of establishing a "custom, practice, or policy" under 42 USC §1983, or ratified these actions subsequently.

26.     Defendants Jane and John Doe St. Peters Police Department employees 1-10 actions violated Plaintiff's Fourth Amendment rights under the U.S. Constitution undertaken

while in positions of final policy making authority, or, alternatively, their subsequent ratification of said actions, gives rise to Municipal liability under 42 USC §1983.

27. As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff, Colleen Valenti, respectfully prays this Court enter judgment:

    a)     In favor of Plaintiff for compensatory damages against Defendant St. Peters Police Department;

    b)     In favor of Plaintiff for punitive damages against Defendant St. Peters Policy Department;

    c)     In favor of Plaintiff for the cost of this lawsuit and attorney's fees and expenses pursuant to 42 USC §1988; and

    d)     For any other relief this Court deems just and proper.

**COUNT III – VIOLATION OF THE STORED COMMUNICATIONS ACT 18 U.S.C. § 2701 AND 42 U.S.C. § 1983 – DEFENDANTS JANE AND JOHN DOE ST. PETERS POLICE DEPARTMENT EMPLOYEES 1-10 OF THE ST. PETERS POLICE DEPARTMENT IN THEIR INDIVIDUAL CAPACITIES**

28. Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 27 inclusive, as if fully set forth herein.

29. Defendants Jane and John Does of the St. Peters Police Department employees 1-10 intentionally accessed Plaintiff Cell Phone, including but not limited to emails and text messages in the course of their employment and their regular duties therein, bringing their actions under the color of official authority.

7

30. Various forms of data stored on a cell phone, including but not limited text messages and emails, are electronic communications under the Stored Communications Acts.

31. Emails and text messages are electronic communications that are transmitted via an electronic communications service for purposes of the Stored Communications Act.

32. Emails and text messages are communications in Electronic Storage for purposes of the Stored Communications Act.

33. The accessed communications in question were not accessible to the general public.

34. Defendants Jane and John Does of the St. Peters Police Department employees 1-10's intentionally access was not authorized either explicitly or constructively by any party in a position to grant such authorization.

35. Defendants Jane and John Does of the St. Peters Police Department employees 1-10's intentional access of these stored electronic communications under the color of official authority gives rise to individual liability under 42 U.S.C. § 1983.

36. As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff Colleen Valenti, respectfully prays this Court enter judgment:

    a) In favor of Plaintiff for compensatory damages against Defendants Jane and John Doe St. Peters Police Department employees 1-10;

    b) In favor of Plaintiff for punitive damages against Defendants Jane and John Doe St. Peters Police Department employees 1-10;

    c) In favor of Plaintiff for statutory damages against Defendants Jane and

8

        John Doe St. Peters Police Department employees 1-10;

d)     In favor Plaintiff for the cost of this lawsuit and attorney's fees and expenses pursuant to 42 USC §1988; and

e)     For any other relief this Court deems just and proper.

## COUNT IV – ENTITY LIABILITY UNDER 42 U.S.C. §1983 FOR VIOLATION OF THE STORED COMMUNICATIONS ACT 18 U.S.C. §2701 – DEFENDANT ST. PETERS POLICE DEPARTMENT

37.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 36 inclusive, as if fully set forth herein.

38.     Various St. Peters Police Department employees in positions of final policy-making authority either instigated the improper accessing and download of Plaintiff's private stored electronic communications, or ratified these actions subsequently in cooperation with Police Officer Michael Valenti.

39.     The actions of these various St. Peters Police Department employees in violating Plaintiff's rights under the Stored Communications Act while in a position of final policy making authority, or alternatively, their subsequent ratification of them, gives rise to Municipal liability under 42 USC §1983.

40.     As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff Colleen Valenti, respectfully prays this Court enter judgment:

a)     In favor of Plaintiff for compensatory damages against Defendant St.

       Peters Police Department;

b)    In favor of Plaintiff for punitive damages against Defendant St. Peters Police Department;

c)    In favor of Plaintiff for statutory damages against Defendant St. Peters Police Department;

d)    In favor of Plaintiff for the cost of this lawsuit and attorney's fees and expenses pursuant to 42 USC §1988; and

e)    For any other relief this Court deems just and proper.

## COUNT V – INSTRUSION UPON SECLUSION – DEFENDANTS JANE & JOHN DOE ST. PETERS POLICE DEPARTMENT EMPLOYEES 1-10

41.    Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 40 inclusive, as if fully set forth herein.

42.    In or about 2015, Defendants Jane and John Does of the St. Peters Police Department employees accessed, transcribed, and publicly disseminated the contents of various private communications unlawfully obtained from Plaintiff's Cell Phone in cooperation with Police Officer Michael Valenti.

43.    This intrusion into the private communications of Plaintiff was entirely unauthorized.

44.    The intrusion into the private communications of Plaintiff was entirely unauthorized.

45.    This intrusion concerned entirely private matters.

46.    As a result of this intrusion, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a

jury.

WHEREFORE, Plaintiff Colleen Valenti, respectfully prays this Court enter judgment against Defendants Jane and John Doe St. Peters Police Department employees 1-10 for actual and punitive damages as permitted by statute, attorney's fees and expenses, together with her court costs and any and all such further relief the Court deems just and proper.

## COUNT VI – INTRUSION UPON SECLUSION – DEFENDANT ST. PETERS POLICE DEPARTMENT

47. Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 46 inclusive, as if fully set forth herein.

48. In or about 2015, Defendants Jane and John Doe St. Peters Police Department employees accessed, transcribed, and utilized in various fashions the contents of various private communications unlawfully obtained from Plaintiff's Cell Phone in cooperation with Police Officer Michael Valenti.

49. This intrusion into the private communications of Plaintiff was entirely unauthorized.

50. The intrusion into Plaintiff's private communications at issue here would be offensive and/or objectionable to a reasonable person.

51 This intrusion concerned entirely private matters.

52. No exemptions to either municipal or employee liability under the Tort Immunity Act apply.

53. As a result of this intrusion, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a

11

jury.

WHEREFORE, Plaintiff Colleen Valenti, respectfully prays this Court enter judgment against Defendant St. Peters Police Department for actual and punitive damages as may be permitted by statute, attorney's fees and expenses, together with her court costs and any and all such further relief the Court deems just and proper.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DEFENDANTS JANE & JOHN DOE ST. PETERS POLICE DEPARTMENT EMPLOYEES 1-10

54. Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 53 inclusive, as if fully set forth herein.

55. Various St. Peters Police Department employees engaged in extreme and outrageous conduct directed towards Plaintiff, including but not limited to:  unlawfully utilizing the aforementioned obtained, investigating Plaintiff's private life and interviewing Plaintiff's acquaintances and family.

56. These Defendants knew or should have known their actions to be lacking a good faith basis in fact, but committed them anyway, in conspiracy with and cooperation with Police Officer Michael Valenti, giving rise minimally to a high probability that their conduct would inflict severe emotional distress, if they did not also actively intend to inflict such severe emotional distress.

57. As a result of these various forms of conduct on the part of various St. Peters Police Department employees. Plaintiff did in fact suffer severe emotional distress, in both her personal and family life.

58. As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff, Colleen Valenti, respectfully prays this Court enter judgment against Defendants Jane and John Doe St. Peters Police Department employees 1-10 for actual punitive damages as permitted by statute, attorney's fees and expenses, together with her court costs and any and all such further relief the Court deem just and proper.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT ST. PETERS POLICE DEPARTMENT

59. Plaintiff adopts and incorporates by reference all preceding paragraphs of this Complaint, 1 through 58 inclusive, as if fully set forth herein.

60. In or about 2015, Defendants Jane and John Does of the St. Peters Police Department employees perpetrated or conspired to perpetrate various actions whose intent was to inflict sever emotional distress upon Plaintiff including but not limited to: unlawfully utilizing the aforementioned obtained, investigating Plaintiff's private life and interviewing Plaintiff's acquaintances and family.

61. As a result of this intrusion, Plaintiff sustained various forms of emotional distress damages and loss of reputation.

62. As a result of these actions, Plaintiff sustained various forms of financial, general compensatory damages and loss of reputation. As a direct and proximate result of the aforementioned actions, Plaintiff was injured and damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff, Colleen Valenti, respectfully prays this Court enter judgment

against Defendant St. Peters Police Department for actual and punitive damages as may be permitted by statute, attorney's fees and expenses, together with her court costs and any and all such further relief the Court deems just and proper.

                              THE LAW OFFICES OF TED F. FRAPOLLI

                       By   /s/ Ted Frapolli
                            TED F.  FRAPOLLI, #26873 / #FED10480
                            275 North Lindbergh, Suite F
                            St.  Louis, MO 63141
                            (314) 993-4261 – telephone
                            (314) 993-3367 – facsimile
                            ted@tffrapollilaw.com
                            *Attorney for Plaintiff Colleen Valenti*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served via the court's electronic filing system, this 5th day of  August, 2017, upon:

David T. Hamilton
V. Scott Williams
John H. Kilper
Hamilton Weber LLC
200 N. Third Street
St. Charles, MO  63301
*Attorneys for the City of St. Peters*
*Police Department*

                            /s/ Ted Frapolli
                                Ted F. Frapolli